385 A.2d 568

**COMMONWEALTH of Pennsylvania**

v.

**Thaddeus BALL, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 9, 1976.

Decided April 13, 1978.

Robert W. Lambert, Indiana, and Barry P. Tumpson, Clearfield, for appellant.

Laurence B. Seaman and Timothy E. Durant, Assistant District Attorneys, Clearfield and Richard A. Bell, District Attorney, Clearfield, submitted a brief for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

On December 14, 1973, in the late evening a red logging truck struck and damaged two houses in Clearfield County. The operator of the truck failed to stop. An immediate investigation by the State Police led them to suspect the appellant, as he had been seen behind the wheel of the truck shortly before and after the accident. Appellant was later convicted of failure to stop at the scene of an accident[1] and failure to reveal his identity at an accident.[2] He now brings this appeal alleging (1) that the court committed error in allowing the cross-examination of a defense witness concern-

1. 75 P.S. § 1027(a).

2. 75 P.S. § 1027(b).

ing the failure of the witness to submit to a polygraph examination and (2) the court erred in denying his application to suppress certain evidence at trial as products of an illegal search and seizure.

A defense witness, Elaine Bailor, girl friend of the appellant testified that she drove the truck at the time of the accident. During the cross-examination of this witness, the prosecuting attorney pointed out that Mrs. Bailor was at the magistrate's hearing but did not testify. On redirect, defense counsel showed that the witness had gone to the district attorney prior to trial and told him the story. This. was offered as rebuttal to the inference that the witness's story was a recent fabrication. The prosecutor, over defense counsel's objection questioned the witness on her failure to submit to a polygraph examination.

In *Commonwealth v. Gee,* 467 Pa. 123, 354 A.2d 875 (1976), a criminal defendant was not permitted to introduce the results of a polygraph examination. The Supreme Court said, ". . . the results of a polygraph examination are inadmissible for any purpose" 467 Pa. at 141, 354 A.2d at 883. Based on this imperative language and no circumstances amounting to waiver or estoppel by the defense, there was prejudicial error in allowing the district attorney to question the witness on her failure to take a polygraph test when such results would have been inadmissible.

The search appellant complains of occurred in the early morning hours of the day after the accident. Two state troopers went to the residence of the appellant and found the truck 15 to 25 feet from the highway on the appellant's property about 150 yards from appellant's house. The troopers examined the truck with a flashlight and found a damaged stake and some white paint marks on the truck body. After a more thorough search, a crab-apple was found lodged in the framework of the truck. The white paint was scraped from the truck and the stake was removed. No search warrant was obtained nor was the appellant arrested until after the search was conducted. The stake and the paint were introduced at trial.

The admission of these items into evidence was error. In *Commonwealth v. Maione,* 227 Pa.Super. 239, 324 A.2d 556 (1974); a warrantless search of an automobile was allowed because (1) probable cause arose in an unforeseen way shortly before the opportunity to search, and (2) the automobile was mobile so that the opportunity to search is fleeting. 227 Pa.Super. at 244, 324 A.2d at 559.

In *Maione,* supra, the opportunity to search the auto arose shortly after the crime was committed, while the automobile was pulled off the highway at a local tavern. In the instant case, shortly after the accident, appellant was questioned concerning the accident at the "V.F.W." parking lot.[3] Appellant was not arrested and was allowed to go home. Appellant, alerted to a police investigation and possible charges against him, had ample opportunity to either destroy evidence or remove the truck from the jurisdiction before the police came to his home the next morning. Since the truck, at the time of the search was not so mobile that the opportunity to search was fleeting, the seizure of the items was illegal and the evidence should be suppressed.[4] See *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

The Judgment of Sentence of the lower court is reversed and a new trial awarded.

JACOBS, President Judge, and VAN der VOORT and SPAETH, JJ., concur in the result.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

3. No search was made at this time. A search at this point would have more support under *Maione* than the one actually conducted in this case.

4. This is not saying that the police could not have examined the exterior of the truck without a warrant. Such an examination of the truck would not be an invasion of appellant's privacy, since the truck was parked close to the highway. Based upon this examination, the police could have obtained a proper search warrant and seized the items.